IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**EDWARD BERRIOS, SR.** : CIVIL ACTION
:
v. :
:
**KAREN MCKINNEY, et al.** : NO. 11-7537

## OIRDER

Plaintiff Edward Berrios, Sr., an inmate at the State Correctional Institution at Huntingdon (SCI-Huntingdon), seeks to bring a civil action *in forma pauperis*,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners like Mr. Berrios who are attempting to bring a civil action or file an appeal *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* nonetheless must pay the full amount of the $350 filing fee, 28 U.S.C. § 1915(b)(1), but may do so in modest installments. In order to be permitted to pay the filing fee in increments, the prisoner must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint so the Court can determine how the $350 filing fee will be paid. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined in that 6-month period. *Id*. The Court must then "assess [the prisoner's financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the

---

[1] Suite brought *in forma pauperis* are governed by 28 U.S.C. § 1915.

greater of - - (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. . . ."

Based upon Mr. Berrios's financial information, an initial partial filing fee of $20.63 is assessed. The Superintendent or other appropriate official at SCI-Huntingdon, or at any prison at which Plaintiff Berrios may be confined, will be directed to deduct $20.63 from his inmate account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time that the balance in Mr. Berrios's inmate account exceeds $10, an amount no greater than 20 percent (20%) of the money credited to Plaintiff's account during the preceding month will be deducted and forwarded to the Clerk of Court until the full filing fee is paid.

Plaintiff Berrios may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

Plaintiff Berrios will have twenty (20) days from the date of this Order to decide whether he wants to proceed with this case. If by that time, Mr. Berrios decides not to proceed with the case, he need not pay the $350 filing fee. If he chooses to go forward, the installment payments will commence.

Accordingly, it is, this 15th day of December, 2011, hereby **ORDERED** that:

2

1. The petition is **DENIED WITHOUT PREJUDICE** to its reassertion in accordance with the terms of this Order;

2. If Plaintiff Berrios files with the Court within twenty (20) days from the date of this Order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

3. The Clerk of Court shall **CLOSE** this case statistically.

BY THE COURT:

GENE E.K. PRATTER, J.